Filed 5/11/22  P. v. Woodward CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C094232 |
| Plaintiff and Respondent, | (Super. Ct. No. F17000394) |
| v. | |
| STEPHEN NICHOLAS WOODWARD, JR., | |
| Defendant and Appellant. | |

In July 2018, a jury found defendant Stephen Nicholas Woodward, Jr., guilty of corporal injury to a spouse, false imprisonment, attempted second degree robbery, and assault with a deadly weapon.  The jury also found true:  (1) that -- as to all four counts -- defendant personally inflicted great bodily injury on the victim within the meaning of Penal Code[1] section 12022.7, subdivision (e); and (2) that during the commission of

---

[1]    Further undesignated section references are to the Penal Code.

1

corporal injury to his spouse, defendant personally used a baseball bat as a deadly weapon within the meaning of section 12022, subdivision (b)(1).

In August 2018, the trial court imposed an aggregate sentence of nine years in state prison, consisting of: (1) the upper term of four years for the corporal injury offense; (2) the middle term of four years for the great bodily injury enhancement to the corporal injury offense; and (3) one year for the deadly weapon enhancement to the corporal injury offense. The trial court imposed a concurrent sentence on the attempted robbery offense, and -- pursuant to section 654 -- imposed and stayed sentences for the remaining offenses.

The trial court calculated 284 days of credit and ordered defendant to pay a $300 restitution fine, a suspended parole revocation restitution fine of $300, $160 in court operations assessments, $120 in court facility fees, and a booking fee of $25.

Defendant did not appeal.

In May 2020, a correctional case records analyst at the California Department of Corrections and Rehabilitation (Department) sent correspondence to the trial court, observing, inter alia, that the sentence imposed for the attempted robbery offense was unlawful. (See § 213, subd. (b) ["Notwithstanding [§] 664, attempted robbery in violation of paragraph (2) of subdivision (a) is punishable by imprisonment in the state prison"].)

In April 2021, the trial court held a resentencing hearing in light of the correspondence from the Department. Before hearing from the parties, the trial court explained its "intended" sentence of nine years for the offense of corporal injury to a spouse and associated enhancements. Defense counsel said he had "no issue with [the trial court's] calculations," but explained defendant was "asking the [trial] [c]ourt to not impose the personal use" of a deadly weapon enhancement. Defendant explained he "agree[d] to the eight years with the [great bodily injury] enhancement." But he disagreed with imposition of "th[e] personal use of a deadly weapon enhancement

because . . . [his] trial transcript" indicated that his wife "brought the bat and attacked [defendant] with the bat first."

The trial court was not persuaded. "I'm not going to substitute my judgment for that of the jury when they found that to be true. That's why I believe it's appropriate in the resentencing to include that."

Accordingly, and though the trial court imposed a different concurrent term for the attempted robbery offense, the trial court again imposed an aggregate sentence of nine years in state prison -- again consisting of the upper term of four years for the corporal injury offense, the middle term of four years for the great bodily injury enhancement, and one year for the deadly weapon enhancement. The trial court also again imposed and stayed pursuant to section 654 sentences for the remaining offenses.

The trial court again ordered defendant to pay a $300 restitution fine, a suspended parole revocation restitution fine of $300, $160 in court operations assessments, $120 in court facility fees, and a booking fee of $25. Also, the parties "stipulate[d] . . . to" "284 total credits" "that were previously pronounced" at defendant's 2018 sentencing.

Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the record pursuant to *Wende*, we conclude the trial court's imposition of a $25 booking fee must be vacated. The Legislature has since repealed and replaced Government Code section 29550 so that it no longer permits costs of that statute to be collected from defendants. (Gov. Code, § 29550, Assem. Bill

3

No. 1869 (2019-2020 Reg. Sess.) §§ 22, 23.)  It also enacted laws rendering imposed but unpaid booking fees as of July 1, 2021, uncollectible.  (§ 6111; see *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 952-953.)  Not only are any fees imposed under Government Code section 29550 that remain unpaid on and after July 1, 2021, unenforceable and uncollectible, but also any portion of a judgment imposing those costs " '*shall be vacated*.' "  (*Lopez-Vinck*, at p. 953, quoting § 6111, subd. (a).)

Further, pursuant to section 2900.1, when a defendant has served a portion of a sentence imposed based upon a judgment which is subsequently modified during the term of imprisonment, the time served "shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act . . . ."  When a defendant is resentenced, all actual time spent in custody, whether in jail or prison, should be credited against the modified sentence, and such credit should be reflected in the amended abstract of judgment.  (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 37, 41.)  This is not to say, however, that a defendant is entitled to additional credits for good behavior as a presentence detainee.  Once a defendant is sentenced and committed to prison, he remains in the custody of the Department, serving time against his ultimate sentence, despite any later resentencing.  (*Id*. at p. 40.)

Upon resentencing defendant on April 8, 2021, the trial court failed to recalculate defendant's total custody credits and replace the sentencing date on the abstract -- August 20, 2018 -- with the date of the resentencing.  Under section 2900.1 and *Buckhalter*, the trial court should have done so.  We calculate the additional credits owed to defendant as 963 days.

We are otherwise satisfied no arguable issues exist and defendant's counsel has fully satisfied his responsibilities under *Wende*.

## DISPOSITION

The $25 booking fee pursuant to Government Code section 29550 is vacated.  The judgment is further modified to award defendant an additional 963 days of actual credits,

4

for a total of 1,210 actual credits and 1,247 total credits. The 37 days of conduct credits reflected in the abstract of judgment remain the same. We further correct the abstract of judgment to reflect the date of defendant's hearing as April 8, 2021. As modified, the judgment is affirmed. The trial court is directed to forward a corrected abstract of judgment to the Department.

/s/_____
Robie, J.

We concur:

/s/_____
Blease, Acting P. J.

/s/_____
Renner, J.